**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Leslie Guy WILSON, Defendant–Appellant.**

**No. 13–30320.**

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2014.*

Filed June 18, 2014.

Helen J. Brunner, Esquire, Assistant U.S., Amy Jaquette, Assistant U.S., Thom-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument.

as Merton Woods, Esquire, Assistant U.S., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Nancy Tenney, FPDWA–Federal Public Defender's Office, Seattle, WA, for Defendant–Appellant.

Before: McKEOWN, WARDLAW, and M. SMITH, Circuit Judges.

MEMORANDUM **

Leslie Guy Wilson appeals from the district court's judgment and challenges the 60–month sentence imposed following his guilty-plea conviction for escape, in violation of 18 U.S.C. § 751(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Wilson contends that the district court procedurally erred by failing to use the Guidelines as a starting point in its analysis and to keep the range in mind throughout the sentencing hearing. We review for plain error, *see United States v. Valencia–Barragan,* 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The district court properly used the correctly calculated Guidelines range as its analytical starting point and kept the range in mind while weighing the 18 U.S.C. § 3553(a) sentencing factors. *See United States v. Autery,* 555 F.3d 864, 872 (9th Cir.2009).

Wilson also contends that his sentence is substantively unreasonable in light of the nature of the underlying offense and his mitigating circumstances. The district

court did not abuse its discretion in imposing Wilson's sentence. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including Wilson's violent criminal history and the need to promote respect for the law. *See id.*

Because the existing record is sufficient for our review, we deny the government's motion for judicial notice, filed on March 28, 2014.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).